U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 20 2010

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| CANDACE LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 10-5198 |
| | ) |
| NORTH AMERICAN ASSET | ) |
| SERVICES, LLC d/b/a | ) |
| FRONTIER FINANCIAL | ) |
| GROUP, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CANDACE LONG, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, NORTH AMERICAN ASSET SERVICES, LLC d/b/a FRONTIER FINANCIAL GROUP, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CANDACE LONG, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lincoln, County of Washington, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to SDS Processing (hereinafter "SDS").

6. The debt that Plaintiff allegedly owed SDS was for a payday loan, the funds from which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. NORTH AMERICAN ASSET SERVICES, LLC d/b/a FRONTIER FINANCIAL GROUP, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a limited liability company in the State of Nevada.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about August 30, 2010, Plaintiff received three (3) telephone calls from Defendant in a single day.

15. During the course of the aforementioned telephone calls, Defendant left automated voicemail messages for Plaintiff.

16. The aforesaid voicemail messages were left by Joe, a duly authorized representative of Defendant.

17. During the course of the aforesaid voicemail messages, Defendant failed to advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information would be used for that purpose.

18. On or about August 30, 2010, Plaintiff engaged in a telephone conversation with Defendant.

19. Plaintiff advised Defendant that it had contacted her at her place of employment.

20. Plaintiff then specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

21. On or about August 31, 2010 through on or about September 2, 2010, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at her place of employment.

22. On or about August 31, 2010 through on or about September 2, 2010, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to leave multiple automated voicemail messages for Plaintiff at her place of employment.

23. On or about August 31, 2010, Plaintiff received approximately six (6) telephone calls from Defendant in a single day.

24. On or about September 1, 2010, Plaintiff received approximately six (6) telephone calls from Defendant in a single day.

25. On or about September 2, 2010, Plaintiff received approximately six (6) telephone calls from Defendant in a single day.

26. During the course of the aforementioned telephone calls, Defendant continued to leave automated voicemail messages for Plaintiff.

27. The contents of the aforementioned voicemail messages were identical to the contents of the automated voicemail messages left by Defendant for Plaintiff on August 30, 2010.

28. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

29. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. In its attempts to collect the debt allegedly owed by Plaintiff to SDS, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    c. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

    d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CANDACE LONG, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CANDACE LONG**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: October 18, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us